UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

APRILLE ELKINGTON,

    Plaintiff,

vs.                                CASE NO.:

EXETER FINANCE CORP.,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, APRILLE ELKINGTON, by and through her undersigned counsel, sues the Defendant, EXETER FINANCE CORP., and in support thereof respectfully alleges the following:

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") and the Florida Consumer Collections Practices Act, Chapter 559, *et seq*. ("FCCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like EXETER FINANCE CORP. from invading American citizen's privacy and to prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone

subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

6. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C. § 1332, diversity jurisdiction.

8. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

9. Venue is proper in this District because the Plaintiff resides in this District (Pinellas County), the phone calls were received in this District, and the Defendant transacts business in Pinellas County, Florida.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person, and citizen of the State of Florida, residing in Pinellas County, Florida, and resides in this District.

11. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

12. Plaintiff is an "alleged debtor."

13. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

14. Defendant is a "debt collector" as defined by Florida Statute §559.55(6). Defendant sought to collect a debt from Plaintiff.

15. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

16. Defendant EXETER FINANCE CORP. (hereinafter "EXETER") is corporation with its principal place of business located at 222 W. Las Colinas Blvd, Suite 1800, Irving, Texas 75039.  The Registered Agent in the State of Florida for Defendant EXETER is Corporation Service Company, 1201 Hayes Street, Tallahassee, Florida  32301.

17. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Pinellas County, Florida, by the Defendant's placing of illegal calls to Pinellas County, Florida.

18. In approximately early April of 2015, Plaintiff began receiving calls to her cellular telephone from EXETER asking to speak with "Philip."  Plaintiff advised the EXETER representative that there is no-one living with Plaintiff with that name.  Plaintiff does not know anyone named "Philip" and advised EXETER that they had dialed a wrong number.

19.     Plaintiff continued to receive calls from EXETER seeking a person named "Philip," despite the fact that Plaintiff told EXETER that they are dialing the wrong number. When EXETER would call, Plaintiff would hear a short pause and then a voice would say, "Is Phillip available?" Plaintiff advised EXETER that "There is no Philip here," or "Philip doesn't live here," and the EXETER representative would say, "When do you expect him back?"

20.     Shortly after the calls began and as the calls increased in frequency, Plaintiff realized that the calls from EXETER were not going to stop and so she told an EXETER representative, "Don't call this number anymore.  Take it off your list."  The EXETER representative responded, "Thank you very much."  However, the calls continued.

21.     Plaintiff repeatedly asked EXETER to stop calling her, but the calls kept coming. On one occasion, after Plaintiff asked EXETER to stop calling and to remove her number from the call list, the EXETER representative said, "I'll get into the computer right now and I'll remove your phone number."  Plaintiff thought that her ordeal was over. However, the calls continued.

22.     Defendant EXETER knowingly and/or willfully harassed and abused Plaintiff on a constant basis by calling Plaintiff's cellular telephone number numerous times a day from approximately early April 2015 through June 30, 2015, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.  While Plaintiff was not able to keep track of every single call, below is a sampling of the calls that she received from EXETER:

a. 04-10-15 at 10:41 from 844-732-6810

b. 04-10-15 at 16:14 from 844-732-6810

c. 04-15-15 at 08:56 from 800-321-9637

d. 04-15-15 at 18:58 from 800-321-9637

e. 04-16-15 at 11:16 from 800-321-9637

f. 04-17-15 at 17:10 from 800-321-9637

g. 04-21-15 at 09:35 from 800-321-9637

h. 04-21-15 at 11:56 from 800-321-9637

i. 04-21-15 at 1:55 from 800-321-9637

j. 04-21-15 at 3:50 from 800-321-9637

k. 04-21-15 at 6:07 from 800-321-9635

l. 04-21-15 at 20:50 from 800-321-9637

m. 04-22-15 at 10:02 from 800-321-9637

n. 04-22-15 at 10:48 from 800-321-9637

o. 04-22-15 at 11:50 from 800-321-9637

p. 04-22-15 at 2:22 from 800-321-9637

q. 04-22-15 at 6:46 from 800-321-9637

r. 06-12-15 at \_\_\_\_ from 800-321-9637

s. 06-15-15 at \_\_\_\_ from 800-321-9637

23. The autodialer calls from Defendant to Plaintiff's cell (727) xxx-2998 came from the telephone numbers including but not limited to 800-321-9637 and 844-732-6810.

24. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or

prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls").

25. Plaintiff is the subscriber of the cellular telephone (727) xxx-2998. Plaintiff is the regular user and carrier of the cellular telephone number, (727) xxx-2998, and was the called party and recipient of Defendant's autodialer calls.

26. Defendant has, or should have, in its possession and/or control, call logs, account notes, autodialer reports and/or other records that detail the exact number of all autodialer calls made to Plaintiff.

27. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as it did to Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to remove the number.

28. Defendant's corporate policy is structured to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, advising Defendant to stop calling.

29. Defendant's corporate policies provided no means for the Plaintiff to have her cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

30. Defendant has numerous other federal lawsuits pending against it alleging similar violations as stated in this complaint.

31. Defendant has numerous complaints against them across the country asserting that its automatic telephone dialing system continues to call the wrong people or people who have revoked consent to be called.

32. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and have set up their autodialers in a manner which makes it virtually impossible for the autodialer calls to stop.

33. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to Plaintiff's cellular telephone.

34. Due to Defendant's constant calls, Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

### COUNT I
### (Violation of the TCPA)

35. Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-four (34) above as if fully stated herein.

36. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

37. Defendant violated the TCPA with respect to all of its autodialer calls made to Plaintiff's cellular telephone number after Plaintiff informed them that they were calling a wrong number.

38. Defendant willfully and/or knowingly violated the TCPA, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that they were calling the wrong number and requested Defendant to stop calling and when Plaintiff verbally withdrew, revoked, and/or terminated any alleged consent Defendant believed it had to contact her.

39. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without

Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgement against EXETER for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder form further violations of the law and any other such relief the Court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

40. Plaintiff incorporates Paragraphs one (1) through thirty-four (34) above as if fully set forth herein.

41. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute §559.72.

42. Defendant violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her family with such frequency as can reasonably be expected to harass the debtor or her family. Defendant continued to call Plaintiff without Plaintiff's prior express consent and after Plaintiff informed Defendant to stop calling. Defendant called Plaintiff almost daily which is a frequency that can be reasonably expected to harass.

43. Defendant violated Florida Statute §559.72(9) which states that no person shall "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Specifically, Defendant knew or should have known that Plaintiff did not owe the subject debt and Defendant was informed numerous times to stop calling the Plaintiff. Despite this, Defendant continued to call Plaintiff and assert a legal right to collect on a debt that was not enforceable as to the Plaintiff.

44. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EXETER, for statutory damages, punitive damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

        Respectfully submitted,

*/s/ Octavio Gomez*
Octavio Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4725
Florida Bar #: 0338620
Attorney for Plaintiff